Case:12-11266-SDB    Doc#:29    Filed:08/24/12    Entered:08/24

**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 2:52 pm, Aug 24, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-11266</u> |
| RAYNARD PARIS MOORE | ) | |
| BRANDIE TANYETTE MOORE | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

## **OPINION AND ORDER**

Before the Court is a motion to waive Raynard Paris Moore's ("Debtor['s]") appearance at the 341 meeting as well as any other hearing that may be required in this chapter 7 bankruptcy case. Debtor is incarcerated and unable to personally appear at his 341 meeting. He has appointed Brandie Tanyette Moore ("Joint Debtor"), pursuant a Power of Attorney to conduct his personal and business affairs.

Pursuant to 11 U.S.C. §341(a), the Trustee is required to convene and preside at a meeting of creditors held within a reasonable time after the order for relief. 11 U.S.C. §341. Debtor's presence at the §341 meeting of creditors is required by 11 U.S.C. §343 which states:

> The debtor *shall* appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States

> trustee may examine the debtor. The United
> States trustee may administer the oath required
> under this section.

11 U.S.C. §343 (emphasis added). In addition, Federal Rule of Bankruptcy Procedure 4002 requires Debtor to attend and submit to an examination. Fed. R. Bankr. P. 4002. The plain language of the bankruptcy statute and rules mandate Debtor's appearance. See In re Williams, Chapter 13 Case No. 11-11735, slip op. (Bankr. S.D. Ga. Dec. 5, 2011)(denying incarcerated debtor's request to allow debtor's son to attend the meeting of creditors under power of attorney); In re Michael, 285 B.R. 553, 556 (Bankr. S.D. Ga. 2002)(denying incarcerated debtor's request for a telephonic 341 meeting of creditors).

Bankruptcy is a privilege reserved for the "honest but unfortunate debtor." See In re Michael, 285 B.R. at 556. As one court has stated:

> The primary purpose of the §341 meeting is the examination of the debtor. The §341 meeting permits the creditors to rigorously question the debtor on issues relating to dischargeability, estate administration, and the debtor's financial affairs. The meeting also allows the trustee to query about possible recoveries under the avoiding powers. Thus, the debtor's presence at the §341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation.

In re Moore, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002).

2

⚖AO 72A
(Rev. 8/82)

Bankruptcy Rule 4002 requires the debtor to bring a "picture identification issued by a governmental unit or other personal identifying information that establishes the debtor's identity." Fed. R. Bankr. P. 4002(b). Requiring attendance at the 341 meeting along with proof of identification aids in decreasing the occurrence of identity theft. See eq., In re Dick, 2006 WL 6544157 *3 n. 1 (Bankr. N.D. Tex. 2006)(determining the case was one of identity theft and noting how the signature on the petition did not match the signature on the debtor's driver's license or passport). It also affords creditors and parties in interest the ability to ask questions and assess a debtor's demeanor.

The Moore court denied a debtor's request to allow a non-spouse appointed by debtor as his power of attorney to appear on his behalf. In re Moore, 309 B.R. at 728; see also In re Bullard 1993 WL 13005095 (Bankr. S.D. Ga. Nov. 19, 1993)(denying incarcerated debtor's request to allow his mother to testify at his §341 meeting through a power of attorney).

After considering the matter, I agree with the court in In re Michael and reject the notion that an incarcerated person should be given "the same latitude as a gravely ill co-debtor under an 'honest but unfortunate debtor' rubic." In re Michael, 285 B.R. at 557. This is not a case where the debtor is physically disabled, gravely ill, or deployed overseas for military duty. In those type

3

of cases, the Court may exercise its discretion to allow waiver; however, incarceration does not constitute a "good and sufficient reason" to waive Debtor's attendance at the §341 meeting. Id. While Debtor's spouse is his representative by power of attorney, the Court notes that in joint cases both spouses are required to attend the §341 meeting of creditors as the case involves two separate bankruptcy estates which are jointly administered. 11 U.S.C. §302; In re Morrison, 403 B.R. 895, 900-01 (Bankr. M.D. Fla. 2009)(Filing of joint petition by debtor-spouses actually creates two separate bankruptcy estates, and unless estates are consolidated by court, they remain separate). In fact, in the case sub judice many of the assets and debts belong to Debtor only, while some belong to his wife (the other debtor on this joint petition), and some belong to both. In certain circumstances I may permit a debtor's spouse to attend for the debtor, such as when debtor is incapacitated, physically impaired or on active military duty; however, none of these circumstances are present in the case sub judice. See In re Carstarphen, 2003 WL 26119291 (Bankr. S.D. Ga. June 16, 2003)(noting the court in "particularly compelling cases" has deferred mandatory attendance where no creditor objects and one

4

spouse in a joint case does appear at the meeting of creditors). As Judge Davis stated in In re Michael:

> The Court believes that the drafters of the Bankruptcy Code addressed [the debtor's] fairness concerns by weighing the benefits and burdens of bankruptcy protection. The provisions of the Bankruptcy Code strike a balance among debtors, creditors, and trustees. By seeking the protections afforded under [the Bankruptcy Code] from his creditors, the Bankruptcy Code requires [the debtor] to fulfill certain duties. One of these duties is to personally appear at the meeting of creditors for examination by the trustee and creditors.
>
> .
> .
> .
>
> .
>
> Bankruptcy is a civil-not criminal proceeding. Thus, the findings of those criminal cases affording extraordinary remedies to give a criminal litigant access to the Court and its processes are not applicable. There is no constitutional right in play here, and [the debtor] has no absolute right to appear telephonically. Where a court fashions alternative methods for a debtor to appear in extraordinary cases, it is a discretionary decision by that court as it exercises its inherent authority and its powers under §105. This authority is nearly always exercised in order to aid the classic 'honest but unfortunate debtor.'

In re Michael, 285 B.R. at 557-558.

For the foregoing reasons, Debtor's motion is ORDERED DENIED. If Debtor fails to attend the meeting of creditors on

5

September 12, 2012, the clerk is directed to issue a show cause notice as to why this case should not be dismissed as to Debtor, Raynard Paris Moore, only.

*[signature]*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 24th Day of August 2012.

AO 72A
(Rev. 8/82)